THE STATE, CULVER and others, prosecutors, *vs.* THE TOWN OF BERGEN, IN THE COUNTY OF HUDSON.

By the charter of the town of Bergen, commissioners appointed to assess the costs of grading a street are to assess the costs and expenses upon the real estate of said town upon principles of equity, and according to the damage or benefit which the owners may derive therefrom. A report that the commissioners omitted assessing anything against the owners of property lying off the lines of the improvement, because they believed to do so would be contrary to the spirit of our laws, will be set aside, as made on illegal principles.

On *certiorari* to remove assessments.

VREDENBURGH, J. On the 9th of April, 1857, the de-

fendants ordained, among other things, that Washington avenue, from a point distant 100 feet from the bridge across the Morris canal, to the Jersey City and Bergen plank road, be filled up to grade, and the sidewalks be laid with plank four feet wide upon both sides. Some time afterward the defendants appointed John Mandeville, Garret Vreeland, and Hartman Van Wagenen to assess the costs and expenses.

The defendants' charter (*Pamphlet Laws* 1855, § 8, *page* 442,) provides that the assessors shall assess the costs and expenses upon the real estate of said town upon principles of equity and according to the damage or the benefit which the owners may derive therefrom.

On the 1st of February, 1858, the assessors reported that they had made the assessment on the frontage on Washington avenue from the Communipaw road to the Jersey City and Bergen plank road, according to frontage, to the depth of 100 feet, except the triangular lots, and the triangular lots according to linear frontage; that they considered the lands most benefited by said improvement to be those situate between Jersey City and the plank road; and that they considered that mode of making the assessment to be upon the principles of equity and according to the damage or benefit which the owners of the real estate in the said town may suffer or derive from the said improvement. The report goes on further to say that although such improvement as was required by the said ordinance between the canal and the Communipaw road was done by the owners of the property between the two last-mentioned points, we find, nevertheless, that the owners of said frontage were the only persons who petitioned for the improvement, the ordinance of which improvement included the entire space between the Communipaw road and the plank road; and it also appearing that the owners of property lying off the line of said improvement had not had a voice in the matter, either by petition or remonstrance, and believing that it

is contrary to the spirit of our laws and institutions that those persons should be entitled to any portion of this assessment for the reasons above stated, we have confined ourselves to the line of the frontage included in the ordinance; and also that the petitioners were the principal persons benefited by the improvement now under consideration, and, as such, should bear their equal share of the expense of the street between the canal and Bergen Point plank road: or, in other words, the commissioners were appointed to assess the costs and expenses of improving a certain portion of a street upon all the land in the town upon principles of equity and according to the damage and benefit to the owners; and they assess it all upon the frontage along the street improved, but assess nothing upon any other land, because they believed it to be contrary to the spirit of our laws and institutions. But the law under which they were appointed required them to assess it on all the land in the town, according to the damage and benefit, and not according to what the commissioners thought was according to the spirit of our laws and institutions. The commissioners had one view of the spirit of our laws, and the legislature had another, and the former had no power to repeal an act of the legislature. The assessment has clearly been made upon illegal principles.

But it is said that this question is *res adjudicata,* that a prior confirmation of the assessment had been taken up by *certiorari* to the Circuit Court of the county of Hudson, upon which the court pronounced the assessment good and the confirmation bad. However that may be, the facts are not before us. There is no evidence before us, nor does it legally appear to us that there ever was any such *certiorari* to the Hudson circuit, nor if there was, do I think that the matter can be properly *res adjudicata.*

The *certiorari* to the Hudson circuit was to bring up the confirmation of the report; and the assessment went up as part of the proceedings, in order that the court might

State v. Town of Bergen.

see whether or not the confirmation was correct. And if the court, when considering the question whether the confirmation was right, gave it as their opinion that the assessment was legal, it was *res adjudicata* only in the proceeding then before that court. But the proceeding now before us is to test the question whether a subsequent confirmation of the same assessment by the authorities of the town of Bergen is legal. We must necessarily examine this question upon its own merits, and for that purpose look to see if there was any assessment which could be legally confirmed. And the opinion of the Circuit Court in the matter of the other confirmation is entitled to the consideration only of an opinion, and not of an adjudication.

The assessment is illegal, and the compensation based upon it, as well as the assessment, must be set aside.

CITED *in State* v. *Town of Bergen,* 1 *Vr.* 308; *Town of Bergen* v. *State,* 3 *Vr.* 498.